THE STATE OF OHIO, APPELLEE, *v.* JAROSZYK, APPELLANT.

(No. 362—Decided November 13, 1973.)

*Mr. John R. Heflin,* prosecuting attorney, for appellee.
*Messrs. Wise & Gutierrez,* for appellant.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Carroll County from the overruling of a motion for a new trial based on newly discovered evidence.

The defendant, the appellant herein, has filed a second appeal to this court. Previously, defendant was found guilty of unarmed robbery and grand larceny, and that judgment of the trial court was affirmed by this appellate court. In that first appeal, defendant's motion for leave to appeal to the Ohio Supreme Court was overruled by that court.

Defendant then filed a motion for a new trial, based on newly discovered evidence, November 27, 1972. The alleged evidence that was claimed to be newly discovered was a polygraph test, commonly known as a lie detector test. The polygraph test allegedly indicated that defendant was not involved in the crime for which he had been found guilty.

Defendant, in support of his motion for a new trial, also filed three affidavits of prospective witnesses. The trial court overruled defendant's motion.

Civil Rule 59 lists various grounds for which a new trial may be granted, among which is subsection (8), which states:

"Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial * * *."

R. C. 2945.80 provides that motions for new trial based on newly discovered evidence shall be filed within one hundred twenty days following the day upon which the verdict was rendered, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely. In that case, such motion shall be filed within three days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

As to the three affidavits of the prospective witnesses, the trial court reviewed the testimony in the trial of the case and found that all of the potential witnesses offered as a basis for a new trial were known to the defendant and his counsel and their names were mentioned in other testimony at the time of the trial. As to these three prospective witnesses, the trial court was of the opinion that the defendant was not unavoidably prevented from the discovery of their evidence.

40 Ohio Jurisprudence 2d 950, New Trial, Section 48, states:

"The allowance of motions for new trials on the ground of newly discovered evidence is necessarily addressed to the sound discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless that discretion has been abused."

We find that the trial court did not abuse his discretion as to the finding with regard to the three affidavits of prospective witnesses that the defendant was not unavoidably prevented from the discovery of their evidence at the

time of trial, and overrule defendant's assignment of error relative to this branch of the claimed error.

As to the defendant's contention that the polygraph test results constitute newly discovered evidence, and that he was unavoidably prevented from the discovery of this evidence within one hundred twenty days from the date of the trial verdict, the defendant argues that at the time of trial, in April 1971, the law of Ohio precluded the introduction of the results of the polygraph test. Therefore, it would have been a vain act of the defendant to seek to introduce a, polygraph test at that time. The defendant, through his counsel, now claims that, as a result of a United States District Court case, the results of a polygraph test can now be admitted. Defendant bases this argument on *United States* v. *Ridling* (E. D. Mich. 1972), 350 F. Supp. 90.

The trial court pointed out that it is vested with a large amount of discretion in the application of the statute pertaining to motions for a new trial, and that the statute should be construed in its practical and not in its technical sense. The trial court agreed that at the time of trial had the defendant sought to introduce the results of the polygraph test to prove his innocence the court would not have admitted the evidence because in the court's opinion the law of Ohio would not allow such admission. Therefore, the court was of the opinion that the defendant was unavoidably prevented from presenting the evidence (namely, the conclusion of one C. B. Wilkinson), as to the polygraph test, within the one hundred twenty days provided for in R. C. 2945.80. The court went forward with the hearing on the motion for a new trial.

Thereafter, the court did extensive research on Ohio law as applied to the introduction of polygraph tests.

We hold that the polygraph test as proposed by the defendant in this case is not such newly discovered evidence that would warrant a proceeding to explore the law of Ohio as to its admissibility.

40 Ohio Jurisprudence 2d 950, New Trial, Section 48, discusses those matters which constitute newly discovered

evidence and discusses the requirements to be applied. On page 950, it is stated that newly discovered evidence: "* * * (2) must have been discovered since the trial; (3) must be such as could not have been discovered and produced at the trial in the exercise of due diligence * * * [and] (5) must not be merely cumulative to the evidence introduced at the trial."

We find that the results of the polygraph test, at the time it was offered by the defendant, was not such newly discovered evidence as is contemplated by the law of Ohio to sustain a motion for a new trial. The defendant could have easily offered this type of evidence at the time of his trial, and if the admission of such had been prohibited by the trial court, he could have protected the record by proffering said evidence, and these matters could have then been determined by a direct appeal.

We hold that in spite of *United States* v. *Ridling, supra,* the law of Ohio, with regard to polygraph tests, is that such are inadmissible as evidence. The trial court in this matter did exhaustive research with regard to Ohio law and the admission of the polygraph test by the defendant to prove his innocence, and has rendered a clear and succinct opinion. See 39 Ohio Misc. 19, for Judge Paul M. Perkins' opinion, rendered on February 27, 1973.

We hold that the trial court did not abuse its sound discretion in refusing to permit the results of the polygraph test into evidence at the time that it was attempted to be introduced by the appellant. That is, after the trial of the case was held, a verdict given, and a judgment entered on the matter. Therefore, we affirm the judgment of the lower court.

*Judgment affirmed.*

Lynch, P. J., and O'Neill, J., concur.